UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON GATLIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 21-cv-00370-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 175 |

On March 25, 2025, plaintiffs and third-party California Department of Social Services ("DSS") filed a joint discovery dispute. Dkt. No. 175. This is the first discovery dispute in this case.

In this Section 1983 action brought by the parents of a disabled child who died in foster care, plaintiffs served a subpoena for records on third-party DSS. DSS produced the requested records but "redacted 'personally identifying information' (i.e., names, dates of birth, social security numbers, addresses, etc.) to protect third party privacy rights." *Id.* at 2. Plaintiffs argue that DSS has redacted "critical 'identifying information' including the names of essential witnesses." *Id.* Plaintiffs ask that the Court order "production of the full and unredacted" licensing files for the three foster homes in which Edison Gatlin lived. Plaintiffs argue that at minimum DSS should be able to produce these unredacted records pursuant to a protective order. DSS argues that producing the unredacted records would expose the agency to criminal and civil liability and that state and federal law—including California Welfare and Institutions Code Section 827—prevent full disclosure of the licensing records. DSS also argues "that a protective order will not sufficiently address the serious encroachment of the privacy rights implicated, namely, developmentally disabled minor children and other third parties who hold their own privacy rights and who have not consented to

the disclosure." *Id.*

"[F]ederal common law on privilege, not state law, controls cases that are in federal court with federal question jurisdiction." *Doe No. 59 v. Santa Rosa City Sch.*, No. 3:16-cv-01256-WHO, 2017 WL 11837754, at *1 (N.D. Cal. Mar. 1, 2017) (citations omitted). Accordingly, a federal court may order the disclosure of a California juvenile case file during the course of discovery in federal litigation, notwithstanding California's statutory limits on the release of these files. *See id.* (granting the plaintiff's motion to compel disclosure of the entire juvenile case file of a minor defendant, despite state court decision, pursuant to Cal. Welf. & Inst. Code § 827, rejecting the plaintiff's request for same); *see also D.C. by & through Garter v. Cnty. of San Diego*, No. 3:15-cv-01868-MMA (NLS), 2016 WL 11621269, at *4 (S.D. Cal. Oct. 7, 2016) (". . . the Court agrees with Plaintiff that it is not bound by state law and that it has the authority to order disclosure of information from the juvenile case files."); *Maldonado v. Sec'y of Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 WL 4249811 (E.D. Cal. Nov. 30, 2007) (granting motion to compel documents in Section 1983 action after concluding Cal. Welf. & Inst. Code § 827 did not bar production).

Nevertheless, "even in cases where federal law applies, constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court [files]." *Doe No. 59*, 2017 WL 11837754, at *1 (quoting 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5428, at 817 (1980)). The case law coming out of district courts in California suggests that, while a juvenile case file may be released in the course of discovery in federal litigation, courts should exercise caution, and a protective order may be appropriate. *See Doe No. 59*, 2017 WL 11837754, at *2; *Maldonado*, 2007 WL 4249811, at *5 ("To the extent that the privacy of any other wards, officers or third parties is at risk, this information will not be disclosed outside this case and will be subject to a stipulated protective order which will serve to protect the privacy of these individuals as much as possible."). The federal court should take Section 827 into account and may need to "weigh[] the needs of the case versus the state interest in keeping the juvenile information confidential." *D.C.*, 2016 WL 11621269, at *4 (citing *Horn v. Hornbeak*, No. 1:08cv1622 LJO DLB, 2010 WL 1027508, at *5 (E.D. Cal. Mar. 18, 2010); *Maldonado*, 2007 WL 4249811, at *5).

1  Turning to the present dispute, the Court concludes that disclosure of the full unredacted licensing files may not properly account for the balance that must be struck between the relevance of the information and the privacy interests at stake, particularly where the files implicate children in the child welfare system who are non-parties to this case. The Court will therefore ORDER that DSS provide the requested records without redacting the <u>initials</u> of any minor children and their <u>years</u> of birth. This will at least allow plaintiffs to identify whether the same child was involved in multiple incidents and the child's approximate age. The Court does not intend to order DSS to disclose social security numbers, as that highly sensitive information is of minimal relevance to this action. **DSS shall produce the more narrowly redacted records no later than April 11, 2025,** unless plaintiffs and DSS can agree to a different production date.

If, after receipt and review of the more narrowly redacted records, plaintiffs continue to seek records with even fewer redactions, the parties shall meet and confer to fashion an appropriate protective order. In light of the sensitive nature of the information and the fact that the redactions pertain to non-parties to this suit, the Court cautions plaintiffs to limit their requests to information that is "significantly relevant to the issues in the case. The less significant the information, the more likely the court will keep the information confidential." *See Maldonado*, 2007 WL 4249811, at *5.

**IT IS SO ORDERED**.

Dated: March 31, 2025

SUSAN ILLSTON
United States District Judge