UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON GATLIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 21-cv-00370-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 195 |

The parties have filed a joint discovery dispute regarding the production of plaintiff Edison Gatlin's entire juvenile case file from the County. Dkt. No. 195. Plaintiffs state that they have "obtained a substantial portion of Edison's Juvenile Case File materials from the Juvenile Court" but that "this production was incomplete, and additional juvenile records were not produced." *Id.* at 1. Plaintiffs list one example: Edison's SDM Tools.[1] *Id.* Plaintiffs now have requested that the County produce Edison's "entire Juvenile Case File and related materials." *Id.* The County states that because plaintiffs have already received a copy of Edison's juvenile case file from state court, requiring the County to re-produce the file now would be duplicative, cumulative, and unduly burdensome.

Both sides rely on this Court's recent discovery order regarding production of state licensing files from the group homes in which Edison lived. *See* Dkt. No. 179. As summarized in that order, "The case law coming out of district courts in California suggests that, while a juvenile case file may be released in the course of discovery in federal litigation, courts should exercise caution, and a protective order may be appropriate." *Id.* at 2. The Court agrees with plaintiffs that the records

---

[1] The discovery statement does not explain what "SDM Tools" are.

sought in the prior discovery dispute, involving group home licensing files, raise different privacy concerns than what is sought here, where plaintiff Edison Gatlin (by and through his parents as successors in interest) seeks *his own* case file. On the other hand, the Court agrees with the County that ordering production of files or records that the state court has already produced would be duplicative. The joint statement is vague as to what is actually at the heart of this dispute: what records from Edison's case file may be in the County's hands that were not already produced by the state court, and exactly what the burden would be if the County were ordered to produce them.

The parties' filing does not indicate that they met and conferred prior to filing their joint statement. This dispute is one that should be resolvable through a good faith effort at meeting and conferring. The undersigned's Standing Order requires that "[t]he parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally." Judge Illston's Standing Order ¶ 3. A mere exchange of letters, e-mails, or phone calls does not satisfy the requirement to meet and confer. *Id.*

Accordingly, the Court hereby ORDERS that the parties meet and confer (in person or by videoconference) in a good faith attempt to resolve their dispute. During that process, plaintiffs shall, to the greatest extent possible, outline *with specificity* what they believe is lacking from the juvenile case file that plaintiffs already have. Defendants shall explain *with specificity* why producing the records would be unduly burdensome. Only after exhausting meet and confer efforts may the parties re-raise their dispute with the Court. Any further joint discovery statement shall be limited to five pages total, shall include a description of the parties' meet and confer efforts, and shall contain detail from both sides regarding specifically what records plaintiffs seek and specifically why production by the County would be burdensome.

**IT IS SO ORDERED**.

Dated: June 5, 2025

_____
SUSAN ILLSTON
United States District Judge