UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON GATLIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>Defendants. | Case No. 21-cv-00370-SI<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 198 |

Plaintiffs move to amend the complaint to add Lodi Unified School District and several individuals as defendants. Dkt. No. 198. Contra Costa County defendants filed a notice of non-opposition. Dkt. No. 199. On June 27, 2025, the Court discussed the matter with the parties at a case management conference, and plaintiffs indicated they did not intend to file a reply brief. The Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for August 1, 2025. As discussed at the case management conference and for the reasons set forth below, the Court DENIES the motion to amend.

**BACKGROUND**

This case stems from the death of Edison Gatlin, a severely disabled child whom Contra Costa County removed from his parents' custody in September 2014. At some point between the night of December 7 and the morning of December 8, 2019, while residing at the Angel's Haven 2 group home, Edison died of septicemia, "which was totally treatable with common antibiotics." Dkt. No. 130 ("SAC") ¶¶ 178, 180. The factual and procedural background of this case are described more fully in the Court's prior order on the motions to dismiss the First Amended Complaint. Dkt. No. 129.

Plaintiffs filed this case in January 2021, suing more than thirty-five individual and entity defendants. Dkt. No. 1. The case was stayed for two and a half years while plaintiffs obtained Edison's dependency records from the state juvenile court. *See* Dkt. Nos. 27 (stay entered June 14, 2021), 126 (stay lifted December 31, 2023). The parties have extensively briefed two rounds of motions to dismiss and a motion by the County defendants for judgment on the pleadings. *See* Dkt. Nos. 129, 146, 188. Plaintiffs have settled their claims with the Regional Center defendants and have voluntarily dismissed numerous other defendants from the case. Other defendants have not yet made an appearance and are in default. This leaves the County defendants remaining in the case. Pursuant to the scheduling order, the deadline to amend the pleadings was January 31, 2025. Dkt. No. 151 at 1. Trial is set for March 2026. *Id.*

On May 30, 2025, plaintiffs and County defendants filed a stipulation and motion to amend the scheduling order to allow for a 180-day stay of all deadlines while plaintiffs add claims against defendants Lodi Unified School district and three individual defendants (Edison's teacher at the time of his death and two of the school's licensed vocational nurses). Dkt. No. 192. The Court denied the motion and stipulation, explaining that the Court was unlikely to further extend the trial schedule, given the 2.5 year stay that was previously in place. Dkt. No. 194. The Court stated that plaintiffs may file a formal motion to amend their complaint but cautioned, "If they do so, they shall explain the delay in adding these new defendants to this case and shall explain why 'good cause' exists to modify the current scheduling order. *See* Fed. R. Civ. P. 16(b)(4)." *Id.*

**DISCUSSION**

Plaintiffs file their motion pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* Dkt. No. 198, Not. of Mot. at 1. Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As the Court previously instructed, however, Rule 16(b)(4) governs in this situation. In *Johnson v. Mammoth Recreations, Inc.*, the Ninth Circuit considered what standard applies when a party seeks to add a defendant after the deadline set in the scheduling order to add parties has passed. 975 F.2d 604 (9th Cir. 1992). The Ninth Circuit explained that "[o]nce the

2

district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Id.* at 607-08. "Thus, [the plaintiff's] ability to amend his complaint was governed by Rule 16(b), not Rule 15(a)." *Id.* at 608 (citations omitted).

Under Rule 16(b)(4), a scheduling order may not be modified without a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement primarily considers the "diligence of the party seeking the amendment." *Mammoth Recreations*, 975 F.2d at 609. While the degree of prejudice to the opposing party may "supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* If the party can show good cause, they must also demonstrate amendment is proper under Rule 15(a)(2). *Id.* at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Here, the Court finds plaintiffs have not shown good cause to amend the complaint to add the school district defendants at this stage of the case. Plaintiffs say they could not have added these parties sooner because "the need for this amendment was not discovered until Plaintiffs' Counsel took the deposition of third party witness Elaine Gutierrez on April 21, 2025."[1] Dkt. No. 198-1, Mot. at 1. They state "it was only recently discovered that Ms. Gutierrez conferred with Edison's school nurses and formed a reasonable suspicion of abuse or neglect that triggered their mandatory duties to report – which they failed to do." *Id.* at 8-9. At her deposition, Ms. Gutierrez testified "in essence, that she and [Edison's] attending class-room nurses conferred together in late November of 2019 and concurred that Edison probably was suffering from pneumonia and was being neglected medically by his caregivers at Angels' Haven 2." Dkt. No. 198-2, McMillan Decl. ¶ 4.

The Court has reviewed the allegations in the proposed Third Amended Complaint and finds they are not so factually distinct from what was alleged previously that these defendants could not have been named sooner. The First Amended Complaint, filed in June 2023, alleges as follows:

> 138. On August 6, 2019, Defendant Kotran [Edison's County social worker] spoke with Edison's teacher, Elaine Thomas. Ms. Thomas informed Kotran that Edison's "wheelchair [] was falling apart . . . [that] the head rest was falling

---

[1] Elaine Gutierrez was Edison's teacher at the time of his death. At that time she went by the name Elaine Thomas. *See* Mot. at 3.

3

> 140. off, [and] the chair was not safe for transport." Ms. Thomas also texted photos of Edison's condition. She told Defendant Kotran that Edison has "lots of phlegm and salivate[s] and chokes frequently." . . .
>
> 140. Indeed, on August 14, 2019, Defendant Walker submitted her formal report to the Juvenile Court. There, she refrained from disclosing the inadequacy of Edison's placement and his obvious deteriorating condition. Instead, Defendant Walker told the Court that "He seems to be doing well according to Ms. Thomas and the class aid." However, in truth Ms. Thomas had told Defendant Kotran that Edison appeared "malnourished, [] skinny [with no] muscle tone" and that his wheelchair had been severely neglected and was falling apart. . . .
>
> 142. Also, on August 29, 2019, during an unannounced school visit Edison's teacher, Ms. Thomas, again complained about Edison's care, noting that Edison "seems too skinny . . . and doesn't seem to be on his seizure medication." She also questioned whether or not Edison was being fed at night. . . .
>
> 156. On December 4, 2019, Edison's teacher, Elaine Thomas, sent Defendant Kotran an email informing her that Edison had been "sent [] home November 20th after he sounded congested with lots of phlegm. The care home insisted he was fine and there was nothing wrong after the nurse checked him and noted his lower lungs had some crackle sounds. So we sent a referral to ensure he was seen. Of course he came back with a viral upper respiratory infection and [Angels Haven 2] sent him back to school the next day with total disregard that a viral infection is still contagious and we have medically fragile students."
>
> 157. Ms. Thomas also posed her prescient query: "Any idea if he will be placed elsewhere anytime soon? I continue to believe it's not the best placement."[fn.] . . .
>
> [fn.] Although Plaintiffs' counsel has not yet uncovered a similar specific inquiry by Ms. Thomas in other records, the language Ms. Thomas used here suggests that she had previously voiced her concerns for Edison's care and posed the same question.

Dkt. No. 95 ("FAC") ¶¶ 138, 140, 142, 156-157. These allegations indicate that, at least as of the filing of the First Amended Complaint, plaintiffs were aware of Ms. Thomas's complaints to the County, her suspicions about possible neglect, and her concerns that he was being sent to school while severely ill. The new allegations of the proposed Third Amended Complaint simply add more detail to allegations that already existed previously.

Even if the Court were to apply Rule 15 to plaintiffs' motion to amend, it would deny the motion just the same.[2] Factors courts weigh in determining whether leave should be granted under

---

[2] Although County defendants have not opposed plaintiffs' request, neither have they consented to amendment of the complaint. Thus, under Rule 15, amendment at this stage requires the Court's leave. *See* Fed. R. Civ. P. 15(a)(2); Dkt. No. 198-2, McMillan Decl., Ex. C.

Rule 15(a)(2) include undue delay, bad faith, futility, and prejudice to the opposing party. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 890 (9th Cir. 1999); *see also Hurn v. Retirement Fund Tr. of Plumbing. Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981). However, "prejudice to the opposing party" is the most important factor under a Rule 15(a)(2) analysis. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Although the County defendants do not oppose the new amendment, the Court finds there would be prejudice to the new school district defendants in being brought into a case that has been ongoing for years, with the pleadings set, and with trial starting in March. The Court also finds undue delay in naming the school district defendants, for the reasons stated above. As discussed at the case management conference, bringing in the new defendants at this point would either cause further delay because the trial would need to be continued or else would prejudice the new defendants in having to prepare for trial on a much shorter timeframe than the parties who have been in this case from the beginning.[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to amend the complaint to add claims against Lodi Unified School District and three individual school district defendants.

**IT IS SO ORDERED**.

Dated: July 1, 2025

SUSAN ILLSTON
United States District Judge

---

[3] Following the Court's denial of a 180-day stay to bring in the new defendants, plaintiffs now indicate in their motion that they seek to amend the scheduling order and extend the current deadlines "if not the trial date by at least 90 days." Mot. at 11.