UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON GATLIN, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>CONTRA COSTA COUNTY, et al.,<br>　　　　Defendants. | Case No. 21-cv-00370-SI<br><br>**ORDER RE: DISCOVERY DISPUTE WITH SAN JOAQUIN COUNTY**<br>Re: Dkt. No. 207 |

**BACKGROUND**

Plaintiffs and third-party San Joaquin County have filed a discovery dispute regarding the release of plaintiff Edison Gatlin's Human Services Agency ("HSA") file. Dkt. Nos. 207, 209. Plaintiffs say they served and filed a request for the file in 2022, pursuant to California Welfare and Institutions Code Section 827, but that the Juvenile Court denied the petition because no court case was ever filed for Edison in San Joaquin County.[1] Dkt. No. 207 at 1. Plaintiffs have since sent a subpoena to HSA requesting specific documents maintained in Edison's HSA file and requesting Edison's entire HSA file. *Id.* San Joaquin County says that it cannot locate the 827 petition that plaintiffs say they filed and that plaintiffs should pursue Edison's case file through the Juvenile Court first, rather than asking this Court to order disclosure. San Joaquin County also objects that the information plaintiffs seek in the subpoena is overbroad.

The Court ordered plaintiffs' counsel to file a declaration with supporting documents to show that plaintiffs had filed the 827 petition and also afforded San Joaquin County the opportunity to respond to plaintiffs' counsel's declaration. *See* Dkt. Nos. 215, 216, 220, 221. The Court has

---

[1] Edison was a dependent of Contra Costa County but was placed in several group homes in San Joaquin County. He died in one of those group homes in December 2019.

reviewed the many filings and exhibits and the matter is now ripe for review.

## LEGAL STANDARD

"[F]ederal common law on privilege, not state law, controls cases that are in federal court with federal question jurisdiction." *Doe No. 59 v. Santa Rosa City Sch.*, No. 3:16-cv-01256-WHO, 2017 WL 11837754, at *1 (N.D. Cal. Mar. 1, 2017) (citations omitted). Accordingly, a federal court may order the disclosure of a California juvenile case file during the course of discovery in federal litigation, notwithstanding California's statutory limits on the release of these files. *See id.* (granting the plaintiff's motion to compel disclosure of the entire juvenile case file of a minor defendant, despite state court decision, pursuant to Cal. Welf. & Inst. Code § 827, rejecting the plaintiff's request for same); *see also D.C. by & through Garter v. Cnty. of San Diego*, No. 3:15-cv-01868-MMA (NLS), 2016 WL 11621269, at *4 (S.D. Cal. Oct. 7, 2016) ("... the Court agrees with Plaintiff that it is not bound by state law and that it has the authority to order disclosure of information from the juvenile case files."); *Maldonado v. Sec'y of Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 WL 4249811 (E.D. Cal. Nov. 30, 2007) (granting motion to compel documents in Section 1983 action after concluding Cal. Welf. & Inst. Code § 827 did not bar production).

Nevertheless, "even in cases where federal law applies, constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court [files]." *Doe No. 59*, 2017 WL 11837754, at *1 (quoting 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5428, at 817 (1980)). The case law coming out of district courts in California suggests that, while a juvenile case file may be released in the course of discovery in federal litigation, courts should exercise caution, and a protective order may be appropriate. *See id.* at *2; *Maldonado*, 2007 WL 4249811, at *5 ("To the extent that the privacy of any other wards, officers or third parties is at risk, this information will not be disclosed outside this case and will be subject to a stipulated protective order which will serve to protect the privacy of these individuals as much as possible."). The federal court should take Section 827 into account and may need to "weigh[] the needs of the case versus the state interest in keeping the juvenile information confidential." *D.C.*, 2016 WL 11621269, at *4 (citing *Horn v. Hornbeak*, No. 1:08cv1622 LJO DLB, 2010 WL 1027508, at *5 (E.D. Cal. Mar. 18, 2010);

*Maldonado*, 2007 WL 4249811, at *5)).

## DISCUSSION

It appears from the record that even if plaintiffs filed an 827 petition in San Joaquin County, they filed it in the wrong court.[2] The 827 petition attached to plaintiffs' counsel's declaration is addressed to the San Joaquin County Juvenile Justice Center in French Camp, California, which is a separate court from the dependency court located in Stockton California. *See* Dkt. No. 216-1, Chung Decl., Ex. A; Dkt. No. 221, King Decl., ¶ 3.

Nevertheless, the Court will order San Joaquin County to respond to plaintiffs' subpoena served April 25, 2025. *See* Chung Decl., Ex. B. With their papers, plaintiffs have also submitted a file-stamped copy of an 827 petition that Contra Costa County filed with the San Joaquin County dependency court, at the correct address, on November 13, 2024. *See* Chung Decl., Ex. E. San Joaquin County stated in its objection to plaintiffs' subpoena that the dependency court "usually responds or holds a hearing to discuss objections in one to two months." *See* Chung Decl., Ex. D. But it appears that Contra Costa County has been waiting much longer than that, eight months and counting. *See* Chung Decl. ¶ 19 (declaring that counsel for Contra Costa County advised plaintiffs' counsel in July 2025 "that no records have been produced by the San Joaquin County Court or HSA in response to Defendants [sic] 827 Petition"). Under these circumstances, the Court will not order plaintiffs to return to the dependency court with a new 827 petition. The Court agrees with plaintiffs that the interests here weigh in favor of disclosure, where a child died in foster care, where the public has a strong interest in accurate fact-finding, and where the information sought is not readily available from any other source. Moreover, concerns regarding the release of records are further mitigated by the fact that Edison's parents are prosecuting this case as his successors in interest. Under Section 827, Edison's parents are already entitled to view his case file. *See* Cal. Welf. & Inst. Code § 827(a)(1)(D).

---

[2] The Chung Declaration explains that plaintiffs never received a conformed copy of their 827 petition in San Joaquin County. *See* Dkt. No. 216, Chung Decl. ¶¶ 6-15.

**Accordingly, the Court ORDERS the San Joaquin County Human Services Agency to comply with plaintiffs' subpoena (dated April 22, 2025) and to produce the requested documents by no later than September 2, 2025.** San Joaquin County has objected that "items 3 and 12 in Plaintiffs' subpoena are unduly overbroad and unlimited as to time or subject matter."[3] Dkt. No. 209 at 4. The Court will limit the time period of the requests in items 3 and 12 to September 2014 and forward, as Edison did not enter foster care until September 2014.

To the extent San Joaquin County has concerns regarding the potential disclosure of confidential information/identities of third parties who may be referenced in Edison's HSA file, the Court references its prior instructions on a discovery dispute with the California Department of Social Services. *See* Dkt. No. 179 at 3. San Joaquin County may redact Social Security numbers and the full names and full birth dates of any third-party minor children referenced in Edison's HSA file, without redacting the *initials* of any minor children and their *years* of birth. This will at least allow plaintiffs to identify whether the same child was involved in multiple incidents and the child's approximate age.

**IT IS SO ORDERED**.

Dated: August 13, 2025

SUSAN ILLSTON
United States District Judge

---

[3] Item 3 requests "Any and all documents, emails, letters, and/or communications, in the possession, custody, and/or control of the County of San Joaquin relating in any way to Edison Gatlin . . . and/or his juvenile case[.]" Dkt. No. 216-2, Chung Decl., Ex. B., Attach. A. Item 12 requests "Any and all other records and or documents relating to Edison Gatlin not otherwise identified above, in YOUR possession, custody and or control." *Id.*

4